## Louis P. MILLER, Appellant,

v.

## Basil SCOTT, Sr., Appellee.

Court of Appeals of Kentucky.

April 29, 1960.

Rehearing Denied Dec. 9, 1960.

William A. Miller (Ardery, Miller & Howard), L. R. Schmid, Louisville, for appellant.

Thomas W. Speckman, Gavin Cochran (Peter, Heyburn & Marshall) Louisville, for appellee.

BIRD, Judge.

Louis P. Miller, an employee of Highland Company, was riding in a truck owned by the company and driven by Basil Scott, Sr., a fellow employee. The truck collided with an automobile and Miller was injured. Miller's injury arose out of and within the scope of his employment. Miller; his fellow employee, Scott, and the company had accepted the provisions of the Workmen's Compensation Act and were working and operating thereunder at the time. Miller sued at law to recover damages for his in-

juries, naming as defendants his employer, his fellow employee, Scott, and those responsible for the operation of the automobile.

Motion for summary judgment was made on behalf of all defendants and judgment was entered dismissing Miller's complaint. He appeals from the judgment dismissing his complaint against his fellow employee, Scott.

The trial court held that Miller's remedy against his employer and fellow employee was exclusively under the Workmen's Compensation Act and that the court was without jurisdiction of the subject matter.

It is provided in KRS 342.015(1) as follows:

"Where at the time of the injury both employer and employe have elected to furnish or accept compensation under the provisions of this chapter for a traumatic personal injury, *received by an employe by accident and arising out of and in the course of his employment,* or for death resulting from such injury, within two years thereafter, or for disability or death resulting from occupational disease as defined in this chapter, the employer shall be liable to provide and pay compensation under the provisions of this chapter and shall, except as provided in subsection (2) of this section and in KRS 342.170, be released from all other liability." (Emphasis added.)

Neither of the exceptions being here involved, it is obvious that Miller's remedy against the employer is exclusively within the Workmen's Compensation Act. However, no specific provision of this or any other act relieves or limits the common law liability of a fellow employee whose negligence has produced an injury.

■ We have held that the intention to abrogate the common law is not presumed and that the intention to repeal it by statute must be clearly apparent. Ruby Lumber Co. v. K. V. Johnson Co., 299 Ky. 811, 187 S.W.2d 449, 166 A.L.R. 1215. There is no specific provision to relieve or limit this liability and the appellant forcefully argues that this Court's construction of the act precludes any abrogation of his common law right against his fellow employee.

In support of his argument he points out that in Greene v. Caldwell, 170 Ky. 571, 186 S.W. 648, 654, we classified the Workmen's Compensation Board as a "board of arbitration." He insists that, by his acceptance of the act, he agreed to arbitration as between himself and the employer and that there was never an agreement to arbitrate as between himself and a fellow employee. In other words he says that he has not by agreement relinquished his common law right.

■ However, upon examination of our act we must conclude that the primary objective of the Workmen's Compensation Act is to provide a compensation remedy for injuries resulting from industrial *accidents* arising out of and within the course of a workman's employment. Compensability or the lack of it under the common law was never a factor. Divers accidents and resulting injuries would perhaps never have provided a cause of action at common law. With this in mind we are led to the conclusion that the arbitration agreement deals fundamentally with *what* is subject to the jurisdiction of the arbitration board rather than *who* is subject to its jurisdiction. It follows that the employee, under KRS 342.015(1) upon acceptance of the act, agrees that the "arbitration board" shall have jurisdiction of *all* accidents arising out of and within the course of his employment including accidents caused by the negligence of fellow employees. We must now determine if this jurisdiction is exclusive.

■ The act provides for actions at law in only three classes of accidents. KRS

342.015(2) provides for an action at law when an employee is injured through the deliberate intention of the employer. KRS 342.170 provides for like action in some accidents where minors are injured. KRS 342.055 deals with accidents caused by third parties and for which they are legally liable. The latter section reads as follows:

> "Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in *some other person than the employer* a legal liability to pay damages, the injured employe may either claim compensation or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other persons to recover damages, but he shall not collect from both." (Emphasis added.)

The legislature having specifically provided for actions at law in these three types of industrial accidents without mention of any other accident covered by KRS 342.015 (1), we have concluded that remedies at law were not intended for any industrial accident other than those enumerated.

■ Appellant, however, does contend that his fellow employee, Scott, is "some other person" as contemplated by KRS 342.055. It appears that we settled this question in McEvilly v. L. E. Myers Co., 211 Ky. 31, 276 S.W. 1068. There we said that "some other person" refers to a third person having no connection with the general work being performed and whose act of negligence was wholly disconnected with that work. We think the rule is sound and we shall follow it here.

The fellow employee, Scott, could not qualify under this rule as the "some other person" contemplated in KRS 342.055.

■ It is our opinion that appellant's remedy, if any, is exclusively with the Workmen's Compensation Board, and that the trial court was correct in granting a summary judgment for Scott, the fellow employee.

The judgment is therefore affirmed.