Norris CONDER, Appellant,

v.

Elisha HAYDEN et al., etc., Appellees.

Court of Appeals of Kentucky.

May 20, 1960.

Eli H. Brown, III, Louisville, for appellant.

J. Smith Barlow, Jr., Bardstown, Gavin H. Cochran, Louisville, for appellees.

BIRD, Judge.

Appellees, H. F. Mathis, George Geoghegan and Fabian Mathis, composed a partnership engaged in the construction business. Appellee, Elisha Hayden, was employed as a foreman of the partnership and was engaged in the performance of his duties at the time involved in this action.

Appellant, Norris Conder, was another employee of the partnership.

Appellant, Norris Conder, was injured while riding in a small truck owned by the partnership and driven by the foreman, Elisha Hayden. The truck collided with another vehicle resulting in Conder's injury. He instituted this action in the Nelson Circuit Court for damages against the partners, the foreman who drove the truck, and others not involved in this appeal.

At all times involved in this action the partners, the foreman and the employee, Norris Conder, had accepted and were working under the provisions of the Kentucky Workmen's Compensation Act, KRS 342.001 et seq.

The partners and the foreman-driver moved for summary judgment under CR 56 upon the express ground that Conder's remedy was exclusively under the Workmen's Compensation Act and that the Nelson Circuit Court was therefore without jurisdiction of the subject matter.

Upon consideration of the pleadings, depositions and affidavits, the trial court held that there was no genuine issue as to any material fact, sustained the motion for summary judgment and entered a judgment dismissing the action as to the partnership and Hayden. From this judgment Conder appeals.

The record, we believe, unquestionably discloses that the trial court could not properly grant a summary judgment upon the ground stated in the motion.

To have any remedy under the Workmen's Compensation Act Conder's injury must have been work connected. In this case it is not contended that Conder was performing any duty for his employer. He was simply being transported to his home in the employer's truck. The employer does contend, however, that he had an obligation to furnish Conder with transportation which is sufficient to bring the injury within the work-connected class. We have taken this position in cases where such an obligation, express or implied, is found to exist. Gray v. W. T. Congleton Co., 263 Ky. 716, 93 S.W.2d 829. The existence of the duty to furnish transportation is indeed a material fact that must be proved in this case and, if there is a genuine issue on this fact, a summary judgment should not be granted on the ground of "exclusive remedy" as set forth in the mo-

tion. Without detailing the content of Conder's affidavit it is our conclusion that it creates a very genuine issue as to the existence of any duty to transport. Summary judgment could not therefore be granted on the ground contained in the motion.

Nevertheless, appellees insist that the motion for summary judgment was properly sustained upon a ground not specifically asserted in the motion or in the trial court's conclusions. They claim that Conder accepted benefits under the Workmen's Compensation Act and, having done so, is estopped to deny that his injuries were compensable under the act.

In the case of Sunlight Coal Co. v. Floyd, 233 Ky. 702, 26 S.W.2d 530, 532, we used the following language upon which the employer predicates his argument:

> "* * * Inasmuch as appellee had not only asserted a claim under the act, but had accepted compensation under its provisions, there is no escape from the conclusion that the facts were such as would have estopped him from suing at common law, even though he had proceeded before his cause of action was barred by limitations. * * *"

Let us consider the case in which the language was used. The employee's injury in that case arose out of and in the course of his employment. An agreement for the payment of benefits under the Workmen's Compensation Act was filed with the Board. Though not approved by the Board payments were nevertheless paid under the agreement. The employee in due course filed his claim for compensation with the Board. The case was duly heard and, upon completion of the hearing, the employer moved to dismiss because the employee failed to sign the compensation register as required by law at that time. When the motion to dismiss was made the employee's right to recover at common law had become questionable under the Statutes

of Limitations. We held in that case that the employer, having by his acts and conduct jeopardized the employee's right to recover under the common law, had waived his right to question the employee's acceptance of the act. In so holding this Court simply followed a long established principle relating to estoppel. "The doctrine of estoppel rests on an act that has misled one who, relying on it, has been put in a position where he will sustain loss or injury." Patton v. Catlettsburg Nat'l Bank, 200 Ky. 775, 255 S.W. 690, 694. The Sunlight statement is unsound in that it loses sight of the underlying principle upon which the employer was estopped. Neither application for Workmen's Compensation under the act, nor acceptance of benefits under it, nor a combination of the two, will operate to estop an employee from asserting a legal right unless the employer, relying upon these acts, has been misled so as to cause him loss or injury. Even under these circumstances the employee would not be estopped to assert his right unless he had acted with knowledge of the right. Trimble v. King, 131 Ky. 1, 114 S.W. 317, 22 L.R.A., N.S., 880.

There is no evidence in this record that the employer was misled by Conder's acceptance of payments or that the employer relied upon Conder's act or conduct so as to cause him loss or injury, or that Conder had any knowledge that he might have a right of action under the common law. Without these elements the trial court could not properly invoke the principle of estoppel and grant a summary judgment.

It is interesting to note that no settlement agreement is in the record and that nothing is filed with the Workmen's Compensation Board.

We have concluded that the trial court erred in granting a summary judgment.

The judgment is therefore reversed for proceedings not inconsistent with this opinion.