Donald **WILLIAMS**, Appellant,

v.

Edward J. **NOWAK**, Appellee.

Court of Appeals of Kentucky.

Sept. 23, 1966.

Charles M. Gabhart, Manny H. Frockt, Louisville, for appellant.

J. L. Richardson, Jr., Louisville, for appellee.

NOLAN CARTER, Special Commissioner.

This is a common law action in tort by an employee against his coemployee, for alleged injuries resulting from a deliberate act of the latter.

Appellant and plaintiff in the court below was an employee of the General Electric Company at its plant in Louisville. Both appellant and the General Electric Company had elected to accept the provisions of the Kentucky Workmen's Compensation Act, KRS Chapter 342.

Appellee and defendant, Edward J. Nowak, was also employed by General Electric Company as a supervisor, appellant being one of the employees under his supervision.

On the morning of October 8, 1963, appellant was directed by appellee to assist another employee by the name of Bogard to perform certain work. Bogard had a "work break" at 9:30 a. m. Appellant's work break ordinarily came at about 10 a. m. But on this occasion, when Bogard took his work break, appellant accompanied him to a room where several other employees were taking their break. Among these latter was an employee by the name of Pulliam, who had lost a friendly bet to appellant for a shoeshine. Appellant seated himself upon a repair stand, and Pulliam was shining his shoes when appellee entered the room and kicked the stand. Appellant testifies that he fell from the stand to the floor, thereby receiving injuries for which he seeks redress in this lawsuit.

Appellee admits that he kicked the stand lightly, but denies that appellant fell or was injured. Thereafter, appellant instituted this action. By amended answer, among other defenses, appellee pleaded the acceptance by the employer and by appellant of the provisions of the Kentucky Workmen's Compensation Act, as a complete defense.

Subsequently, appellee moved the trial court for summary judgment or to dismiss the action. On February 23, 1965, after oral argument, an order was entered dismissing the action. From this order, appellant prosecutes this appeal.

In the opinion of Miller v. Scott, Ky., 339 S.W.2d 941, this court said:

"The Act provides for actions at law in *only* three cases of accidents. KRS 342.015(2) provides for an action at law when an employee is injured through the deliberate intention of the employer. KRS 342.170 provides for like action in some accidents where minors are injured. KRS 342.055 deals with accidents caused by third parties and for which they are legally liable." (Emphasis added.)

Appellant is not a minor. Though counsel for appellant argued before the trial court that appellant sustained injuries through the deliberate intention of his employer, there is no evidence whatsoever to sustain this contention. We conclude, therefore, that the trial judge correctly decided this contention adversely to appellant.

As for the action mentioned in KRS 342.055, that is an action arising from an accident caused by third parties and for which they are liable. In Miller v. Scott, supra, it was said that the "some other person" contemplated by this section of the statutes refers to a third person having no connection with the general work being performed and whose act of negligence was wholly disconnected with that work; and that a fellow employee could not qualify under this rule as the "some other person."

In the more recent decision of Black v. Tichenor, Ky., 396 S.W.2d 794, the court said:

"In Miller v. Scott (1960), Ky., 339 S.W.2d 941, we held that acceptance of the Workmen's Compensation Act precludes suits by an employee against a fellow employee for injuries arising out of and in the course of their employment. * * *"

That the alleged injuries to appellant arose out of and in the course of his employment seems manifest. In argument before the trial court, counsel for appellant conceded this fact. But aside from this concession, the evidence establishes that in his capacity as supervisor, appellee was concerned to see that the men kept at work, and that the reason for his act was that he thought appellant was "goofing off" on his job. There is no dispute in the evidence as to any material fact upon this issue. This being true, the question of whether the occurrence was "work connected" is a matter of law for the court's determination. January-Wood Co. v. Schumacher, 231 Ky. 705, 22 S.W.2d 117. The trial judge correctly determined that the occurrence was one arising out of and in the course of appellant's employment.

It is argued for appellant that an intentional act of violence toward, or an assault upon, an employee is not an "accident" within the meaning of KRS 342.015 (1). But in a number of decisions, this court has decided that an assault by one employee upon another is an "accident" within the contemplation of this statute, and, if work-connected or arising out of and in the course of employment, falls within the purview of the Workmen's Compensation statute. See Henry Vogt Machine Co. v. Chamberlain, Ky., 279 S.W.2d 224; York v. City of Hazard, 301 Ky. 306, 191 S.W.2d 239; and Kentucky Fluorspar Co. v. Wolford, 263 Ky. 471, 92 S.W.2d 753.

We conclude that the facts out of which this lawsuit arises do not bring it within any of the three exceptions mentioned in Miller v. Scott, supra, wherein common law actions are permitted, where the aggrieved party has accepted the provisions of the Workmen's Compensation Act; and that the amended answer pleading such acceptance is a complete defense to this action. The trial court properly dismissed appellant's complaint.

The judgment is affirmed.