GEORGE PETRO, INC., and Howard M. Smith, Appellants,

v.

George BAILEY et al., Appellees.

Court of Appeals of Kentucky.

Sept. 20, 1968.

Rehearing Denied March 28, 1969.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Foster L. Haunz, Daugherty, Gray & Haunz, William G. Lehnig, Duncan & Lehnig, Louisville, for appellants.

Neville M. Tucker, D. Edward Turner, William P. Mulloy, J. J. McCarthy, Louisville, for appellees.

EDWARD P. HILL, Judge.

The three appellees filed this common law action to recover from their employer for injuries sustained in an automobile collision while on their way to work for appellant George Petro, Inc., hereinafter referred to as Petro. Howard Smith, another employee of Petro, was operating the vehicle in which appellees were riding. Petro and appellees had accepted the provisions of and were operating under the Workmen's Compensation Act at the time of the injuries.

The only question involved on this appeal concerns the right of appellees to maintain a common law action. Appellants contend that appellees' remedy is exclusively provided by KRS 342.015(1), a section of the Workmen's Compensation Act. Appellees argue that their injuries did not arise out of and in the course of their employment with Petro and that consequently they had no right to compensation or to proceed before the Workmen's Compensation Board. Therefore, their right to maintain a common law action is not affected by KRS 342.015(1).

Before discussing the legal question involved, we present a brief statement of the facts in the case. Petro operated a contract janitorial service in Louisville and other cities. Its headquarters were located in the Hoffman Building at Fourth and Market in the city of Louisville. The stores which Petro contracted to clean were located in widely scattered locations. Most of the cleaning, including a Super-X store toward which appellees were traveling, was done between 8 a.m. and 10 a.m. Some of Petro's employees resided in the neighborhood of their work stations and got to work by any means selected. Others, including the three appellees, reported to headquarters at Fourth and Market streets and were transported in Petro's trucks to various stores in the city.

On the morning of December 20, 1965, appellees arrived at headquarters between 7 a.m. and 7:15 a.m. Bailey arrived first and was taken in a company truck to a store at 17th and Breckinridge streets, where the regular janitor had not showed up for work. Upon arrival there, they found the regular janitor had showed up; so, they returned to headquarters where they were joined by appellees Wise and Slaughter and proceeded to another location to clean one of the Super-X stores. On the way to this job, the truck in which appellees were riding, which was being operated by appellant Smith, collided with

another vehicle, resulting in injuries to appellees.

Jury trials resulted in verdicts for appellees. Petro and Smith appeal.

The section of the Workmen's Compensation Act providing an exclusive remedy to persons having elected to operate thereunder has been consistently upheld by this court. Commonwealth, Dept. of Highways v. Meyers, Ky., 307 S.W.2d 179 (1957). And although the Act does not specifically say so, this court has held that the employee may not sue the agent of the employer except, of course, in case of "deliberate" intent to injure. See Miller v. Scott, Ky., 339 S.W.2d 941 (1960).

And so we must first decide whether the injuries complained of arose "out of and in the course of" appellees' employment. If so, they may not maintain this common law action.

In the recent case of Black v. Tichenor, Ky., 396 S.W.2d 794 (1965), this court held that the injuries of the employee, Tichenor, arose "out of and in the course of" his employment where the factual situation showed Tichenor was on his way from Louisville to Middlesboro, where his work was to begin, on a day previous to the time his work was to start. This case appears to answer our question. Black also lays to rest the argument of appellees that they were not to commence work until 8 a.m., which was after the time of their injury, and their further contention that they received no compensation until they commenced work at 8 a.m. Hoping it may be found convenient to others hereafter, we quote from Black, supra, at page 796:

"It is true that Tichenor could have driven his own car, could have traveled by public transportation, and could have started early Monday morning instead of riding Sunday night with his fellow employee, Black, but we do not consider the freedom of choosing his mode of transportation or the method in which his salary was computed as controlling factors in determining whether he was within

the protection of the Workmen's Compensation Act when his injuries occurred."

See also 1 Larson, Workmen's Compensation, § 17.30.

Appellees present a stout argument that this case should be controlled by the rule announced in Conder v. Hayden, Ky., 335 S.W.2d 909 (1960), and not Black v. Tichenor, supra. We point out, however, that in Conder a summary judgment was reversed by this court so that it could be developed by proof whether there was a "duty to furnish transportation." While the opinion in Conder does not show the true facts, the record indicates Conder was being transported by the employer from his place of work near Lancaster to the employee's home near Bardstown; that it was on a weekend and after work hours; that it was a part of Conder's contract that he be transported to and from the job.

The court admitted in Conder that in event the employer was under a contractual obligation to furnish employment to Conder (at the time of the injury), his injuries were compensable under workmen's compensation law (see Gray v. W. T. Congleton Co., 263 Ky. 716, 93 S.W.2d 829), and therefore his common law action could not be maintained. We find little inconsistency in the rules announced in Conder and Black, supra. In Black, the employer "did not furnish automobiles to its employees, but had a policy of reimbursing them for out of pocket expenses incurred for certain out of town travel expenses." Therefore there is no occasion to overrule Conder. It may be true that the opinions of this court have shown a tendency toward liberality in favor of the employee, which the Legislature enjoined in the Workmen's Compensation Act, but we find nothing in Black that does violence to Conder or Gray.

No mention is made of an effort to file claims with the Workmen's Compensation Board, so it is not for this court to say at

this time whether the apparent harshness of the result herein reached may be avoided by the provisions of KRS 413.270.

The judgments are reversed.

All concur.