Edward L. JACKSON et al., Appellants,

v.

Edward HUTCHINSON, Appellee.

Court of Appeals of Kentucky.

April 24, 1970.

David Kaplan, Edwin I. Baer, Louisville, for appellants.

Bill V. Seiller, Raleigh Jones, Jones, Ewen, MacKenzie & Peden, Louisville, for appellee.

CLAY, Commissioner.

This is a suit brought by two employees of the International Harvester Company against a fellow employee for personal injury damages arising out of an automobile collision on a parking lot maintained by the employer exclusively for the benefit of its employees. The essential facts (other than those on the issue of negligence) are not in dispute and the trial court granted defendant a summary judgment. The basis of this ruling was that, regardless of negligence, he was immune from suit because of his fellow-employee status.

The place of the accident was on the "operating premises" of the employer and all three employees would have been entitled to workmen's compensation for any disabling injuries under our ruling in Harlan Appalachian Regional Hospital v. Taylor, Ky., 424 S.W.2d 580 (1968). In Miller v. Scott, Ky., 339 S.W.2d 941 (1960), we held that if an employee has a valid claim for workmen's compensation for injuries suffered in an accident caused by a fellow employee who was also acting in the course of his employment, the former has no common law cause of action against the latter for such injuries.

Plaintiffs' basic contention is that even though the defendant was a fellow employee, he falls within the category of "some other person" under KRS 342.055.

That statute gives the injured employee the right to proceed by civil action against "some other person" legally liable therefor. In Miller v. Scott, above cited, we held the quoted phrase did not encompass a fellow employee, but refers "to a third person having no connection with the general work being performed and whose act of negligence was wholly disconnected with that work".

It is plaintiffs' position that this principle should not be extended to immunize a fellow employee who was not actually engaged in his employer's work so as to make the employer liable under the doctrine of "respondeat superior". It is said that if allowing a suit against a fellow employee does not expose the *employer* to liability, there is no reason to grant this immunity. It is pointed out that if the fellow employee was on vacation, he would be liable for negligent injuries inflicted on another employee even though the latter may have a workmen's compensation claim against the employer for the same injury.

In the Taylor case, above cited, we held that an accident on the "operating premises" of the employer arose "out of and in the course of his employment," for the purposes of the Workmen's Compensation Act. KRS 342.005. Whether such accident, if caused by the negligent act of an employee to the injury of a stranger, could be considered the performance of a duty or the rendering of a service for the employer so as to impose liability at common law on the latter under the doctrine of respondeat superior, we do not believe it necessary to decide. A phase of this problem was considered in Craddock v. Imperial Casualty and Indemnity Company, Ky., 451 S.W.2d 658 (1970).

Our prior holdings have been to the effect that an accident on the "operating premises" was sufficiently work-connected to entitle the injured employee to workmen's compensation. The reason for exempting the fellow employee (then acting in the course of his employment) from liability is that his act is simply a component of the compensable occurrence (like a machine). See Miller v. Scott, above cited.

 In extending workmen's compensation coverage to the "operating premises" of the employer, we have necessarily extended fellow-employee immunity to that same area. To attempt the refinement plaintiffs urge would create endless difficulties. A test of fellow-employee immunity is whether each of the employees involved would have been entitled to workmen's compensation benefits for any disabling injury suffered in the accident. Helmic v. Paine, 369 Mich. 114, 119 N.W. 2d 574 (1963). We think such a test is a good one and leads to consistent application of the fellow-employee immunity rule. The trial court properly invoked it here.

The judgment is affirmed.

All concur.