John WALLACE, Appellant,

v.

Richard S. WATHEN, Appellee.

Court of Appeals of Kentucky.

Feb. 18, 1972.

Leland Monhollon, Vaughn & Monhollon, Madisonville, for appellant.

Robert G. Hunt, King, Deep, Branaman & Hunt, Henderson, for appellee.

DON A. WARD, Special Commissioner.

This is an appeal from a summary judgment which dismissed appellant's claim for damages upon the ground that the remedy granted by our Workmen's Compensation Statutes was exclusive and prohibited recovery of damages by a common law action.

The appellee, Richard L. Wathen, was an Officer and General Manager of Wathen Transport, Inc. Acting in his capacity as general manager of the corporation,

Wathen directed appellant, an employee of Wathen Transport, Inc., to haul gravel to the private driveway of a cabin in which Wathen owned an interest. The cabin was wholly unconnected with the business operations of Wathen Transport, Inc. Wathen kept a dog upon the cabin premises for the purpose of discouraging intruders.

While the appellant was unloading the gravel upon Wathen's premises, he was attacked by the dog and was injured. His injury arose within the scope and course of his employment and he was awarded benefits payable under the Workmen's Compensation Statutes for permanent-partial disability. He instituted the present action against Wathen individually pursuant to KRS 342.055 to recover damages for the same injuries.

■ When the employer and the employee have accepted the provisions of the Workmen's Compensation Act, the remedies provided by the Act are exclusive and the Act provides immunity to the employer from other liability. KRS 342.015(1). This immunity from liability has been extended to a fellow-employee. Miller v. Scott, Ky., 339 S.W.2d 941 (1960).

KRS 342.055 provides:

"Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in *some other person* than the employer a legal liability to pay damages, the injured employe may either claim *compensation* or proceed at law by civil action against such other person to recover damages, or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both.[1] * * *." (Emphasis ours)

Wathen contends that the phrase *some other person* does not include a fellow-em-

---

[1] An employer is entitled to be subrogated to the extent of compensation paid to the claim of an injured employee against a negligent third party who caused the injury. T. W. Samuels Distillery Co. v. Houck, 296 Ky. 323, 176 S.W.2d 890 (1943).

ployee. He asserts that he and the appellant were fellow-employees of Wathen Transport, Inc., and that recovery against him by appellant is precluded by the rule announced in Miller v. Scott, supra, and George Petro, Inc. v. Bailey, Ky., 438 S. W.2d 88 (1969).

■ We do not think that Miller v. Scott, supra, and George Petro, Inc. v. Bailey, supra, are controlling in the present case. The rule announced in those cases would bar recovery by appellant in the present case for injuries caused by Wathen's negligence while acting in his capacity as an employee of Wathen Transport, Inc., but in the circumstances of this case Wathen is a man who wears two hats. He has one identity as an employee and General Manager of Wathen Transport, Inc. He has an entirely separate and individual identity as the owner of premises upon which he kept an allegedly vicious dog. In the latter capacity he was by no stretch of the imagination a fellow-employee of the appellant.[2]

■ In his individual capacity as the owner of the premises upon which the cabin was located, he owed certain duties both to licensees and to business guests who came upon the premises. Restatement of the Law on Torts, Second Edition, Sections 340–343. It appears to the court that the thrust of appellant's complaint was the assertion of a claim against Wathen for negligence in his private capacity and not for any negligent act committed in his capacity as a fellow-employee.[3]

■ The appellant may be able to establish that Wathen, in his capacity as owner of the cabin, breached a duty owed to appellant. At least it cannot be said that no material issue of fact exists upon this point. The appellee was not entitled to summary judgment.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

STEINFELD, C. J., and OSBORNE, REED, HILL, NEIKIRK and MILLIKEN, JJ., concur.

PALMORE, J., not sitting.

2. One test of fellow-employee immunity is whether each of the employees involved would have been entitled to workmen's compensation benefits for any disabling injury suffered in the accident. Jackson v. Hutchinson, Ky., 453 S.W.2d 269 (1970). This test excludes from the classification of fellow-employee one whose negligent act is unrelated to the employment out of which an injury arises.

3. The first three numerical paragraphs of the complaint are as follows:

1. That on or about February 10, 1968, and for some time prior thereto, the defendant Richard S. Wathen was the owner and keeper of a dog, the particular breed and pedigree of which being unknown to the plaintiff, which was known to the defendant to be vicious, ferocious, and known by the defendant to be trained in the art of viciously attacking, biting, wounding and injuring humans without warning or provocation and the defendant knew that said dog was thereby dangerous to persons including the plaintiff John Wallace.

2. The defendant, being aware of the vicious nature of said dog, and being aware that said dog was trained and possessed of the characteristics complained of herein, wrongfully, intentionally and negligently allowed said dog to wander at large and said defendant wrongfully, intentionally and negligently exposed the plaintiff to harm from said dog.

3. That on or about February 10, 1968, in Henderson County, Kentucky, while the plaintiff was lawfully upon premises possessed by the defendant where said dog was, as alleged herein, allowed to wander, said dog, with great force, violence and ferociousness, jumped upon and attacked the plaintiff and viciously and ferociously bit and chewed the plaintiff about the head, face and chest.