**William KEARNS, Administrator of the Estate of Richard F. Planck, Appellant,**

v.

**William BROWN, Appellee.**

Court of Appeals of Kentucky.

Feb. 12, 1982.

Charles L. Kirk, Maysville, for appellant.

Stephen M. O'Brien, III, Lexington, for appellee.

Before HAYES, C. J., and HOWERTON and VANCE, JJ.

VANCE, Judge.

The question is whether a fellow employee has immunity in a common law action for negligent injury brought against him for negligent conduct which might be termed "horseplay" and for which the fellow employee could not recover workers' compensation benefits for any injury to himself.

This claim arises out of an accident in which appellant's decedent was a passenger in and appellee was the driver of a motor vehicle. They were engaged in travelling on a direct route from one location to another for their employer. Appellant alleged, and for the purposes of deciding the issue of law before the court, it was stipulated, that appellee was engaged in "horseplay" with the driver of an approaching vehicle in which one or both of the drivers would cross over the center line of the highway and attempt to switch or dart into a lane in time to pass safely.

The trial court ruled as a matter of law that appellant was limited to his remedy provided by workers' compensation and that an action against his fellow employee was barred by KRS 342.690. That statute provides that the immunity which is given to employers is extended to fellow employees except in cases of willful and unprovoked physical aggression. It was reasoned that the conduct of the appellee did not constitute willful and unprovoked physical aggression against appellant, hence the claim was dismissed.

When our compensation laws were first enacted, they provided immunity to employers from common law liability for negligent work-related injury in express terms but no such immunity was expressly granted to fellow employees. The so-called fellow servant immunity has its basis in case law beginning with *Miller v. Scott,* Ky., 339 S.W.2d 941 (1960). In *Miller,* the court

specifically held that the compensation act prohibited a common law action by one employee against another employee for negligence in causing a work-related accident. There was no question in *Miller,* however, as to whether both Miller and his fellow employee, Scott, were both acting in the scope and course of their employment.

In this case it is contended that appellee, by his rash conduct at the time of the accident, had removed himself from the course of his employment and therefore the immunity provisions of the act do not apply to him. Reduced to its basics, the proposition is whether the fellow employee immunity provided by KRS 342.690 is applicable to all cases in which the injured worker sustains an injury arising out of and in the course of his employment or whether the immunity is limited to instances in which the injured worker and the fellow employee whose negligence caused the injury were both acting in the course of their employment.

Our present statute granting immunity refers directly only to the status of the injured worker. The fellow employee is granted the same immunity as the employer which is immunity from a common law claim by an injured worker. The only apparent exception is in cases of willful and unprovoked aggression.

Before the enactment of KRS 342.690, however, case law had placed some limitation upon the immunity which was established for fellow employees by *Miller v. Scott, supra.* The immunity would not exist in case of "deliberate" intent to injure. *George Petro, Inc., et al. v. Bailey,* Ky., 438 S.W.2d 88 (1968).

In *Jackson v. Hutchinson,* Ky., 453 S.W.2d 269 (1970), the court stated:

A test of fellow-employee immunity is whether each of the employees involved would have been entitled to workmen's compensation benefits for any disabling injury suffered in the accident.

This test was again noted in a footnote in *Wallace v. Wathen,* Ky., 476 S.W.2d 829 (1972) with a further notation that the test

excludes from the classification of fellow employee one whose negligent act is unrelated to the employment out of which an injury arises.

It seems to be the general rule that compensation is not recoverable for injuries sustained through horseplay, done independently of and unconnected with the work of employment. *Hayes Freight Lines v. Burns*, Ky., 290 S.W.2d 836 (1956). Consequently, if appellee was engaging in the type of horseplay conceded for the purpose of the motion for summary judgment, it is quite likely that he could not have recovered compensation for injuries he might have sustained in the accident and therefore he would not meet the test for immunity set out in *Jackson v. Hutchinson, supra,* and *Wallace v. Wathen, supra.*

█ We conclude that the immunity provisions of KRS 342.690 are not applicable to a fellow employee whose actions are so far removed from those which would ordinarily be anticipated by the employer that it can be said that the employee causing the injury has removed himself from the course of his employment or that the injury did not arise out of the employment.

Appellee states that it may be contended that nearly all negligent acts fall into this category. We do not foresee any more difficulty in determining what acts fall outside the immunity provisions of the statute than are currently faced in determining what acts will prevent a worker from recovering compensation for his own injuries. The test will be the same. It is a test

adopted first by the state of New Jersey and known as the New Jersey Test. *Konitch v. Hartung*, 81 N.J.Super. 376, 195 A.2d 649 (1963).

This test for immunity has the approval of leading writers and scholars. 2A. Larson, *The Law of Workmen's Compensation*, "Third Party Actions," § 72.20. Larson states that immunity attaches to a co-employee only when the co-employee is acting in the course of his employment and that the most satisfactory test to determine this, unless expressly ruled out by statute, is the New Jersey Test which simply uses the regular workers' compensation course of employment standard for this purpose.

█ We conclude that if the appellant can establish that appellee was not acting in the scope and course of his employment so as to preclude him from recovering compensation benefits for any injury he might have sustained, appellee was not entitled to fellow employee immunity from appellant's common law action. This, then, becomes a material fact issue and the summary judgment entered was erroneous.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.