**Brenda RUSSELL, Appellant,**

v.

**Carol ABLE, Appellee.**

**No. 95–CA–1290–MR.**

Court of Appeals of Kentucky.

Aug. 23, 1996.

---

Dean L. Sexton, Raymond J. Naber, Jr., Louisville, for Appellant.

Robert L. Stopher, Louisville, for Appellee.

Before COMBS, GARDNER and HOWERTON, JJ.

***OPINION***

HOWERTON, Judge.

Brenda Russell appeals from a summary judgment in the Jefferson Circuit Court dismissing her action for negligence and battery against Carol Able. The trial court held that because Russell had received workers' compensation benefits for her injuries, Able, as a co-employee, was immune from suit. We disagree and remand for further proceedings.

Russell and Able were both employed as teachers at Barrett Middle School. Russell alleged that on February 9, 1993, as she was standing in a hallway at the school, Able approached her from behind and intentionally placed her knee to the back of Russell's knee, causing Russell to fall to the floor. As a result, Russell received injuries to her knee which required extensive treatment. Russell received a total of $10,585.99 in workers' compensation benefits from the school board—$7,937.95 in medical expenses and $2,648.04 in temporary total disability payments.

On December 21, 1993, Russell filed a complaint in the Jefferson Circuit Court against Able alleging negligence and battery. The complaint demanded compensatory damages, lost wages, medical expenses, pain and suffering, future pain and suffering, future medical expenses, and future lost wages. In response, Able filed a motion for summary judgment claiming that the exclusive remedy provision of the Workers' Compensation Act barred Russell's common law action against Able. The trial court granted the motion and this appeal followed.

Russell argues that the trial court erred in granting summary judgment because any immunity from liability extended to a fellow employee does not apply when the injury is proximately caused by the willful and unprovoked aggression of the fellow employee. Russell asserts that this is the case, even if the injured employee received workers' compensation benefits. After reviewing

the applicable statutes and case law, we agree with Russell's argument.

KRS 342.690(1), amended July 15, 1980, provides:

If an employer secures payment of compensation as required by this chapter, the liability of such employer under this chapter shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death.... The exemption from liability given an employer by this section shall also extend to such employer's carrier and to all employees, officers or directors of such employer or carrier, *provided the exemption from liability given an employee, officer or director or an employer or carrier shall not apply in any case where the injury or death is proximately caused by the willful and unprovoked physical aggression of such employee, officer or director.* (Emphasis added.)

In *Kearns v. Brown,* Ky.App., 627 S.W.2d 589 (1982), this Court concluded that,

the immunity provisions of KRS 342.690 are not applicable to a fellow employee whose actions are so far removed from those which would ordinarily be anticipated by the employer that it can be said that the employee causing the injury has removed himself from the course of his employment or that the injury did not arise out of the employment.

*Id.* at 591.

*Kearns* involved a claim arising out of an accident in which Kearns' decedent was a passenger and Brown was the driver of a motor vehicle. At the time of the accident, they were traveling from one location to another for their employer. Kearns alleged in the complaint that Brown had been engaging in "horseplay," which was the proximate cause of the accident. The trial court ruled as a matter of law that the plaintiff was limited to the exclusive remedy provided by workers' compensation and that the action against a fellow employee was barred by KRS 342.690. This Court reversed, conclud-

ing that a material issue of fact existed as to whether Brown's actions were of such a nature as to exclude him from the statutory immunity provision.

Able points out that *Kearns* did not involve a situation in which the injured employee received workers' compensation benefits and also filed an action against the fellow employee, as we have in the present case. Able further maintains that to allow such to occur would result in a windfall to the injured employee. We disagree, and we fail to perceive how the payment of benefits by the employer should affect a subsequent action against a fellow employee for an intentional act.

KRS 342.700(1) provides:

Whenever an injury for which compensation is payable under this chapter has been sustained under circumstances creating in some other person than the employer a legal liability to pay damages, the injured employee may either claim compensation or proceed at law by civil action against such other person to recover damages, *or proceed both against the employer for compensation and such other person to recover damages, but he shall not collect from both.* If the injured employee elects to proceed at law by civil action against such other person to recover damages, he shall give due and timely notice to the employer of the filing of such action. *If compensation is awarded under this chapter, the employer,* his insurance carrier, the special fund, and the uninsured employer's fund, or any of them, *having paid the compensation* or having become liable therefor, *may recover in his or its own name or that of the injured employee from the other person* in whom legal liability for damages exists, *not to exceed the indemnity paid* and payable *to the injured employee, less the employee's legal fees and expense.* (Emphasis added.)

Our reading of this subsection leads us to the conclusion that a situation as we presently have before us was specifically contemplated by the drafters. It appears clear that the receipt of benefits is not a bar to filing a civil action against a third party who

is legally liable to the injured employee. Further, we have no problem with including within the definition of a third party a fellow employee who fails to fall within the immunity set forth under KRS 342.690.

The trial court relied on *Fireman's Fund Ins. Co. v. Sherman & Fletcher,* Ky., 705 S.W.2d 459 (1986), in granting Able's motion for summary judgment. Although our Supreme Court stated that the exemption from liability granted to an employer in KRS 342.690 is extended to all employees of the employer, the facts did not involve an employee who committed an intentional act outside of the scope of employment, nor do we believe that the Supreme Court would have extended the immunity in such a case. In fact, Justice Vance, in his concurrence, wrote the following:

> When the legislature required an employer to compensate an injured employee even though the employer was wholly without fault, it also sought to immunize the employer from all further liability on account of the injury, including tort liability for negligence.

> At the same time, the injured employee was allowed to pursue a tort claim against a negligent third party. In the event of recovery by the employee against a negligent third party, the employer was allowed to recoup the amount it had paid as worker's compensation.

*Id.* at 464, 465.

Assuming that the trial court determines that Able's act was outside of the scope of employment and thus not within the immunity afforded by the statute, and the case proceeds to trial, it is clear that the school board would be allowed to recoup from any award the sums it paid to Russell in benefits, therefore preventing any double recovery. We do note, however, that in the event and to the extent Russell is awarded damages for items other than lost wages and medical expenses, e.g., pain and suffering, the school board will not be entitled to recoupment.

■ We conclude that a material issue of fact exists as to whether Able's conduct constituted a willful and unprovoked act of aggression thereby falling outside of the immu-

nity provided under KRS 342.690. If such is the case, Russell may be permitted to proceed with her common-law action against Able in accordance with KRS 342.700(1).

The summary judgment of the Jefferson Circuit Court is reversed and remanded for further proceedings in accordance with this opinion.

All concur.