**Adrian HUGHES, Appellant**

v.

**Kenneth HAAS and Clark County Sheriff's Department, Appellees.**

**No. 2012–CA–000892–MR.**

Court of Appeals of Kentucky.

April 26, 2013.

Case Ordered Published by Court of Appeals Aug. 2, 2013.

Discretionary Review Denied by Supreme Court Nov. 13, 2013.

Christopher H. Morris, Kyle Kaiman, Louisville, KY, for appellant.

Michael J. O'Connell, Jefferson County Attorney, B. Frank Radmacher, III, Assistant Jefferson County Attorney, Louisville, KY, for appellee Haas.

R. Jeffrey Lowe, Crystal G. Rowe, New Albany, IN, for appellee Clark County Sheriff's Department.

Before CLAYTON, COMBS, and VANMETER, Judges.

*OPINION*

COMBS, Judge:

Adrian Hughes (Hughes) appeals from the order of the Jefferson Circuit Court dismissing his action against the Clark County (Indiana) Sheriff's Department and granting Kenneth Haas's (Haas) motion for summary judgment. After our review, we affirm.

In 2009, Hughes and Haas were both employees of Louisville Metro Corrections (Metro). Haas also served as a volunteer special deputy for the Clark County [Indiana] Sheriff's Department, where his duties involved being on-call as a member of the Sheriff's SWAT (Special Weapons and Tactics) team. Haas was not paid by the Sheriff's Department, and he had authority to act only when summoned by the Sheriff.

On March 20, 2009, Metro conducted a mandatory training session at a facility owned by Clark County, Indiana. Both Haas and Hughes attended—Haas as an instructor and Hughes as a trainee. As part of an indoor exercise, Haas fired a blank cartridge from a shotgun. Hughes was nearby, and the blast caused permanent damage to his hearing.

On October 28, 2009, Hughes filed a lawsuit naming Haas in his capacity as an agent for the Sheriff's Department; he also named the Sheriff's Department as a defendant. Hughes alleged that negligence and breach of contract on the part of the defendants had caused his injury. The complaint also included a premises liability claim.

On May 21, 2010, the Sheriff's Department filed a motion to dismiss for failure to state a claim. On September 1, 2011, Haas filed a motion for summary judgment. The trial court allowed Hughes to conduct discovery, and it considered the motions together. On March 27, 2012, the trial court entered its findings and order granting both motions. This appeal follows.

The motion to dismiss by the Sheriff's Department was based on failure to state a claim pursuant to Kentucky Rule[s] of Civil Procedure (CR) 12.02. A motion to dismiss based on the failure to state a claim may be granted only if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari–Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL–CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky.1977). When—as in the case before us—the trial court considers evidence outside the pleadings, the motion is treated as a motion for summary judgment. *Hoke v. Cullinan*, 914 S.W.2d 335 (Ky.1995); CR 12.02.

Summary judgment is a device utilized by the courts to expedite litigation. *Ross v. Powell*, 206 S.W.3d 327, 330 (Ky.2006). The movant must prove that no genuine issue of material fact exists, and he "should not succeed unless his right to judgment is shown with such clarity that there is no room left for controversy." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky.1991).

The trial court must view the evidence in favor of the non-moving party. *City of Florence v. Chipman*, 38 S.W.3d 387, 390 (Ky.2001). In order to overcome a motion for summary judgment, the non-moving party must present "at least some affirmative evidence showing the existence of a genuine issue of material fact[.]" *Id. See also* CR 56.03. On appeal, the standard of review that we utilize is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Because summary judgments do not involve fact finding, we review *de novo*. *Pinkston v. Audubon Area Community Services, Inc.*, 210 S.W.3d 188, 189 (Ky.App.2006).

■ Hughes first argues that the trial court erred in dismissing the claims against the Sheriff's Department due to a lack of personal jurisdiction. Kentucky state courts have jurisdiction over out-of-state residents pursuant to our long-arm statute. Kentucky Revised Statute[s] (KRS) 454.210. Pertinent to this appeal, it directs that:

> A court may exercise personal jurisdiction over a person [1] who acts directly or by an agent, as to a claim arising from the person's: ... 2. Contracting to supply services or goods in this Commonwealth[.]

KRS 454.210(2)(a). If the long-arm statute applies, in order to comport with constitutional due process, we must then consider three questions to determine if an out-of-state defendant is properly before a Kentucky court: (1) Did Appellant have minimum contacts with this Commonwealth so that maintenance of a lawsuit would not offend traditional notions of fair play and substantial justice? *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).(2) Did Appellant purposefully avail itself of the convenience of our forum by conducting activities within this Commonwealth, thus invoking the benefits and protections of our laws? *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).(3) Did Appellant have such a connection with this Commonwealth that it should reasonably anticipate being "haled into court" here? *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). *National Grange Mut. Ins. Co. v. White*, 83 S.W.3d 530, 534 (Ky.2002).

■ Hughes argues that the long-arm statute applies to the Sheriff's Department because their agreement with Metro was a contract that provided new skills for Metro employees to bring back to Kentucky. We disagree. It is clear that the skills learned by Metro employees at the training benefited the Commonwealth of Kentucky rather than the state of Indiana. Additionally, the training was not provided by the Sheriff's Department in Indiana.

The "contract" consisted of a letter from Captain Terry Hubler of the Sheriff's Department to Louisville Metro's Director of Training. Its entire contents were: "This letter is to confirm that Louisville Metro Department of Corrections as [*sic*] an agreement to use the Clark County Law

---

**1.** The Sheriff's Department is a statutory person pursuant to KRS 454.210(1).

Enforcement Center, range, and classroom facilities as scheduled through 2009." The contract directed that the Sheriff's Department would *only provide the facilities* for Metro's training. Captain Hubler and Haas both testified that Metro provided all equipment and instructors. No members of the Sheriff's Department participated in the training.

The Sixth Circuit has addressed a similar situation in *Brunner v. Hampson,* 441 F.3d 457 (6th Cir.2006). In *Brunner,* the victims of a fire in a hunting cabin in Canada sued the booking agent and outfitter of the cabin. The Court "easily dismissed" the primary argument: that facilitating the arrangements for the stay in the lodge was a provision of goods or services in Ohio that would allow exercise of its long-arm statute. *Id.* at 464. It did not matter that the contractual arrangements were made while the plaintiffs were still in Ohio. *Id.* The services—use of facilities and guided hunting—were provided in Canada. And that locale was the governing issue.

According to the express terms of our statute, personal jurisdiction invoked by the long-arm statute is valid only if the contract is to supply goods and services *within this Commonwealth.* KRS 454.210(2)(a). In the case before us, the services provided by the Sheriff's Department—the use of its facilities—were provided in Indiana. Therefore, as in *Brunner,* the long-arm statute does not apply. Accordingly, it is unnecessary for us to determine whether the contacts of the Sheriff's Department with the Commonwealth were sufficient to provide jurisdiction. The trial court properly dismissed the claims against the Sheriff's Department.

■ Hughes also contends that the trial court erred in granting Haas's motion for summary judgment because Haas was an agent of the Sheriff's Department. However, Hughes concedes that KRS 342.690 prohibits employees from suing their fellow employees for work-related injuries. Because Hughes sued Haas as an agent of the Sheriff's Department rather than in Haas's capacity as a fellow employee, Hughes contends that his cause of action is viable.

■ Hughes correctly asserts that the immunity of KRS 342.690 can be defeated because a person can "wear two hats" and commit a tort while not acting as a fellow employee. *Wallace v. Wathen,* 476 S.W.2d 829, 831 (Ky.1972). However, Hughes has failed to present evidence that during the training Haas was acting as anything other than a Metro employee. Because Haas was a member of the Sheriff's Department's SWAT team, he had keys to access the training center. Captain Hubler testified that he would have provided Haas with the keypad code if the keys had not been an option. It was simply expedient for Haas to use the keys. The training had been planned and scheduled by Metro. Metro provided all equipment and instructors—including Haas. No one asserts that Haas had been called to alternative duty by the Clark County Sheriff. Thus, there is no basis for Hughes's argument that Haas was acting as an agent of the Sheriff's Department on the day in question, and we cannot agree that the trial court erred in its order granting summary judgment.

We affirm the Jefferson Circuit Court.

ALL CONCUR.