**John J. BLACK, Appellant,**

**v.**

**John A. TICHENOR, Appellee.**

Court of Appeals of Kentucky.

Nov. 26, 1965.

William O. Guethlein, A. J. Deindoerfer, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

Farnsley, Hottell & Carey, James T. Carey, Louisville, for appellee.

MILLIKEN, Judge.

In Miller v. Scott (1960), Ky., 339 S.W.2d 941, we held that acceptance of the Workmen's Compensation Act precludes suits by an employee against a fellow employee for injuries arising out of and in the course of their employment. The issue here is whether the appellee's injuries arose out of and in the course of his employment. We conclude that they did, and that the $3,275.93 judgment in a tort action which he has obtained against the appellant, his fellow employee, must be reversed.

The appellee, John A. Tichenor, apparently filed no claim for compensation with the Workmen's Compensation Board after his employer's insurance carrier indicated that it would not recognize his claim on the theory that his injuries occurred on his way to work—not while he was at work —and consequently came within the so-called "going and coming rule" which rests on the conclusion that the Workmen's Compensation Act was not intended to protect an employee against all the perils of going to and from his regular place of employment. Larson's Workmen's Compensation Law, Vol. 1, Sec. 15.11, page 195; Ky. Digest, Workmen's Compensation, ☞719 et seq.

"Under the law of Kentucky (Miller v. Scott, Ky., 339 S.W.2d 941) one cannot maintain a common law negligence action against his fellow servant for injuries sustained in the course of or arising out of his employment. The only remedy for such an

injury is under the Workmen's Compensation Act."

Accordingly, the sole question is whether or not the appellee, Tichenor, was in the course of his employment when injured in an automobile accident on his way to work. Curiously, here is a situation where the injured employee is claiming he was not on the job when he was injured in order to pursue his common law rights, his statutory Workmen's Compensation claim having been denied by his employer's carrier.

We thus have the anomalous situation where an employee who did not pursue his claim for injuries before the Workmen's Compensation Board because he assumed that the claim was not compensable under the Workmen's Compensation Act, now finds his common law judgment against his fellow employee for negligence being appealed on the ground that his claim was compensable exclusively under the Workmen's Compensation Act and that his tort action against his fellow employee would not lie under the doctrine of Miller v. Scott, above.

The appellant, John J. Black, and the appellee, John A. Tichenor, were both employed by the firm of Eskew & Gresham, Louisville, Kentucky. Black invited Tichenor to accompany him in Black's automobile on a trip to Middlesboro, Kentucky, where they were to perform an audit of the Kentucky-Virginia Stone Company. The audit was to commence on Monday, January 15, 1962. For many years Black had made this audit, sometimes leaving during weekday working hours and sometimes on Sunday. However, for convenience, Black arranged with Tichenor for them to leave on Sunday evening, January 14, 1962, drive to the job site, spend the night, and commence work the following day.

On the way to Middlesboro that Sunday night about 9:30 p. m., Black struck head-on a vehicle coming in the opposite direction on Kentucky Highway 229 about 3.8 miles north of Barbourville, Kentucky. As a result of Black's negligence, Tichenor sustained multiple injuries, the most serious of which was a dislocated hip.

The normal working hours for the accountants of the firm were 8:30 a. m. to 5:30 p. m. The firm did not furnish an automobile to its employees, but had a policy of reimbursing them for out of pocket expenses incurred for certain out of town travel expenses.

On the trip in question, Tichenor and Black, as well as their employer, Gresham, testified Tichenor could have elected to travel separately from Black and on Monday during regular working hours instead of Sunday evening. Also, there is no dispute about the fact that Tichenor's actual work would not have commenced until he entered the premises of the client, the Kentucky-Virginia Stone Company.

It is true that Tichenor could have driven his own car, could have traveled by public transportation, and could have started early Monday morning instead of riding Sunday night with his fellow employee, Black, but we do not consider the freedom of choosing his mode of transportation or the method in which his salary was computed as controlling factors in determining whether he was within the protection of the Workmen's Compensation Act when his injuries occurred. It is conceded that the men wished to start their audit when the Stone Company's office opened for business Monday morning, and it also is conceded that a portion of the work of both men normally was conducted away from their employer's headquarters in Louisville, and that that fact was made clear to them by their employer when they were hired. It is quite a different thing to go to and from a work site away from the regular place of employment, than it is to go to and from one's home to one's usual place of employment; it is the latter which generally comes within the so-called "going and coming rule" absolving employers from Workmen's Compensation liability. The

former comes within the principle stated in Larson, Workmen's Compensation Law, Vol. 1, Sec. 25.00: "Employees whose work entails travel away from the employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable." Turner Day & Woolworth Handle Company v. Pennington, 250 Ky. 433, 63 S.W.2d 490; Standard Oil Company v. Witt, 283 Ky. 327, 141 S.W.2d 271.

Although traffic perils are ones to which all travelers are exposed, the particular exposure of Tichenor in the case at bar was caused by the requirements of his employment and was implicit in the understanding his employer had with him at the time he was hired. Palmer v. Main, 209 Ky. 226, 272 S.W. 736; Hinkle v. Allen Codell Company, 298 Ky. 102, 182 S.W.2d 20. In the recent case of Corken v. Corken Steel Products, Inc. (1964), Ky., 385 S.W.2d 949, where a traveling salesman was killed on a public street by a demented stranger, we approved an award of compensation, and said:

> "We accept the view that causal connection is sufficient if the exposure results from the employment. * * * Corken's employment was the reason for his presence at what turned out to be a place of danger, and except for his presence there he would not have been killed."

■ We conclude that the injuries here were incurred in the course of Tichenor's employment and arose out of it, and were exclusively compensable under the Workmen's Compensation Act. KRS 342.015(1); Miller v. Scott, above. For a discussion of whether an employee may sue a fellow employee for injuries caused by the latter's negligence during the employment, see Marquez v. Rapid Harvest Company (1965), Ariz., 405 P.2d 814, where the majority

opinion held that such a suit would lie at common law in Arizona.

Whether the apparent harshness of the result as to Tichenor in the case at bar may be averted under the provisions of KRS 413.270 is not before us.

The judgment is reversed.

Judge MONTGOMERY dissents for the reasons stated in his dissenting opinion in Corken v. Corken, above.