**KAYCEE COAL COMPANY, Appellant,**

v.

**Mary M. SHORT and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Feb. 13, 1970.

J. K. Wells, Paintsville, for appellant.

Jack L. Lewis, Paintsville, for appellees.

REED, Judge.

Charles Short, vice president and general manager of Kaycee Coal Company, a coal sales firm which operated a tipple, was killed in an automobile accident in April, 1967. At the time of the accident, he was en route from his home to the tipple. He was driving a truck owned by Kaycee; he was transporting some equipment to the tipple and was also transporting to the work site an employee of the coal sales operation and another employee of a related mining activity in which he was engaged. The Workmen's Compensation Board held that his death was work-connected and compensable and made an award to his widow. Kaycee, the employer, appealed this determination to the circuit court. From a judgment of the circuit court upholding this award, Kaycee appeals here. We affirm the circuit court's judgment.

The facts are not in dispute. The evidence before the board was that introduced by the widow of the deceased employee. It was uncontradicted. Charles Short and William Daniels incorporated Kaycee Coal Company. Kaycee leased a tipple and was primarily a coal sales company. The entity further undertook to develop, with a view to later leasing, a mining operation, Nan Fork Mine, from which they hoped to secure supplies of coal for Kaycee's services of sale. Short was the active manager and supervisor of Kaycee. He worked both administratively and manually in the operation and maintenance of the tipple and the sales operation.

Kaycee purchased and installed in Short's home: office furniture, an adding machine, and a telephone—all recurring expense charges on these items were paid by Kaycee. The truck Short drove was owned by Kaycee. Equipment used in the operation of the tipple was stored at Short's home. This was a regular and constant arrangement. Short had no prescribed hours of work at the tipple. Much of his work in managing the operation and selling the coal was done at his home which also served as the office of the operation as well as a warehouse, so to speak, for some of the necessary equipment used in the enterprise. Short's duties and the necessity and importance to Kaycee of the office in Short's home were established by the testimony of Daniels, Kaycee's majority stockholder and president.

The only direct evidence of what happened on the day of the accident was the testimony of the employee of Kaycee who was being transported to work by Short. This employee said that Short had loaded the truck with some equipment ordinarily used at the tipple; that Short drove the truck and the witness and another man, who worked in the mining operation Kaycee was attempting to develop, were passengers; that their destination was the tipple. From the pleadings it appears that while they were riding down the public highway on their way to the tipple from Short's home, a tree fell across the road and landed on top of the truck. Short was killed as a result of the mishap. The board found from the uncontradicted evidence that Short met his death in a work-connected accident that arose out of and in the course of his employment.

Kaycee first argues that the claimant's evidence failed to satisfy the burden of proof; it was not established that Short's death was caused by an accident arising out of his employment; that is, that there was a causal relationship between the accident

and the employment. In Kentucky State Racing Commission v. Newton, Ky., 433 S.W.2d 873 (1968), the decedent was killed in an automobile accident after he left one work site and was allegedly on his way to another work site connected with his employment. The board was not persuaded from circumstantial evidence that his destination on the trip was the alleged second work site and, therefore, his death was held to be noncompensable. Although this determination by the board on the circumstantial evidence presented was not disturbed, we plainly inferred that had the board been persuaded otherwise, the opposite result would also have been binding on judicial review. Therefore, Newton, by plain inference, signaled that which became specific in George Petro, Inc. v. Bailey, Ky., 438 S.W.2d 88 (1968). In Bailey, compensation was upheld for employees who were injured in an automobile accident on the public highway while they were being transported from their employer's headquarters to another work site. Thus, in the instant case, if Short was killed while on his way from one work site to another work site of the same employment, the board's determination that compensation is allowable is binding.

■ While Kaycee attempts to suggest that the tree falling across the highway on top of the truck was an "Act of God" and not a hazard peculiar to the employment, we can hardly believe this argument is seriously presented. Black v. Tichenor, Ky., 396 S.W.2d 794 (1965) reaffirmed and followed the positional risk doctrine enunciated in Corken v. Corken Steel Products, Inc., Ky., 385 S.W.2d 949 (1965), which, in turn, adopted the recommended approach of Professor Larson. Short's exposure was the result of his work; his employment was the reason for his presence at what turned out to be a place of danger, and except for his presence there he would not have been killed. Therefore, unless Short's death is

noncompensable under the so-called "going and coming" rule, Kaycee's initial contentions are not tenable and the award must stand.

Kaycee's principal argument is that Short's accident occurred on his way to work at a time when he had not reached his employer's premises and that, therefore, under the well known "going and coming" rule his death did not "arise out of and in the course of" his employment and is not compensable. The "going and coming" rule simply stated is this: Injuries received in accidents that occur while the employee is on his way to and from work are not compensable. The rule, though simple in statement, has been steadily eroded with exceptions. The Black, Newton and Bailey cases in this jurisdiction are recent examples of the erosion.

Kaycee relies on the line of cases typified by Harlan Collieries Co. v. Shell, Ky., 239 S.W.2d 923 (1951) and specifically on the case of Maddox v. Heaven Hill Distilleries, Inc. Ky., 329 S.W.2d 189 (1959).[1] The Shell case involved an employee injured at a point between the public highway and the mine entrance. The question was whether the injury occurred on the employer's premises. The Shell opinion adopted a restrictive view of what was encompassed by the "premises" of the employer. The same basic approach was taken in Ratliff v. Epling, Ky., 401 S.W.2d 43 (1966). Those cases, however, are not applicable here because they do not undertake to deal with the situation involving the injury of an employee while he is en route from one work site to another work site connected with the same employment. Any possible applicability of the Maddox case is destroyed because later authority demonstrates that its basic premise is wrong.

In the Maddox case, compensation was denied to an employee who was injured

1. The Maddox case was specifically overruled on the place of injury principle used therein in Blue Diamond Coal Company v. Creech, Ky., 411 S.W.2d 331 (1967).

while crossing a public street during a journey between his employer's plant and the same employer's parking lot. At the time of this decision, the employer's parking lot was not considered a part of the employment premises. U. S. Steel Co. v. Isbell, Ky., 275 S.W.2d 917 (1955); also see Bickel v. Ford Motor Co., Ky., 370 S.W.2d 193 (1963). In Harlan Appalachian Regional Hosp. v. Taylor, Ky., 424 S.W.2d 580 (1968), this view was changed and the cases (including the Shell case) based thereon, were overruled to the extent of their inconsistency. In Taylor we held that a parking lot was part of the "operating premises" of the employer. Hence, the accident in Maddox should now be considered compensable, if it presents the situation of injury to an employee en route over a public highway from one part of his employer's premises to another part of the same employer's premises.

If the work duties associated with the employee's home are such that it can genuinely and not fictitiously be said that the home has become part of the employment premises, then, since travel between two parts of the employer's premises is in the course of employment, an employee injured on a journey from his home work site to other premises of the same employer is entitled to compensation. See Larson, Workmen's Compensation Law (1968), sections 18.31 and 18.32, pp. 249.31–294.40.

In the case before us, the following indicia of genuine home employment premises status are present: the quantity of work performed at home was considerable and it was performed regularly; there was a continuing presence of work equipment at home; the special circumstances of Short's particular employment made it necessary and not merely personally convenient to work at home.

The placing of employment equipment in the home by the employer was cogent evidence that the home was regarded as part of the work premises. Office furniture and a phone at the employer's expense were furnished. We conclude that the board had ample evidence on which to base its finding that Short was killed by an accident that arose out of and occurred in the course of employment.

If the injury to the accountant in the Black case and the injury to the janitorial worker in the Bailey case are properly compensable under our law, then assuredly the death of Charles Short was a compensable event under the same authority.

The judgment is affirmed.

All concur.