**Bailey PORT, Appellant,**

v.

**Charles KERN; Hon. R. Scott Borders, Administrative Law Judge; and Workers' Compensation Board, Appellees.**

No. 2005–CA–001026–WC.

Court of Appeals of Kentucky.

March 3, 2006.

Stephen B. Lee, Owensboro, Ky, for appellant.

Barclay W. Banister, Princeton, KY, for appellee Charles Kern.

Before TACKETT, TAYLOR, and VANMETER, Judges.

*OPINION*

TACKETT, Judge.

Bailey Port petitions this Court for review of the decision of the Workers' Compensation Board, which affirmed the award of benefits to Charles Kern by Administrative Law Judge (ALJ) R. Scott Borders. The sole issue presented for review is whether the motor vehicle accident Kern suffered while driving home from work while in a company-owned vehicle was work-related. We hold that it was and affirm the decision of the Board.

■ At the time of the accident, Kern was employed by Bailey Port and was provided a company vehicle. He was leaving the work site and traveling home. The evidence showed that Kern was on call at all times and would often work at night—sometimes being called back to work before reaching home. The company vehicle was where Kern kept his tools, and the evidence showed that Bailey Port derived a benefit from the time saved in Kern's use of the company vehicle, particularly if he was called to go to work at a site other than the port itself. The ALJ thus applied the "service to the employer" exception to the "going and coming" rule, following *Receveur Construction Company/Realm, Inc. v. Rogers*, 958 S.W.2d 18 (Ky.1997). Bailey Port appealed to the Board, arguing that *Receveur* did not apply because that case involved a worker who was traveling home in a company vehicle from a remote work site and this case did not. The Board disagreed and affirmed, and this petition for review followed.

■ The "going and coming" rule generally operates to exclude from compensation an injury sustained while traveling to and from work. *Id.* But our jurisprudence recognizes certain exceptions to that general rule, and one of these exceptions is where the employee is performing a service to the employer. In *Receveur*, the claimant was killed while driving a company vehicle home from a remote job site. The Supreme Court's reasoning in *Receveur* clearly rests not on the remoteness of the job site but on the reason Rogers was driving a company vehicle, as the use of the company vehicle enabled Rogers to avoid a stop at the company office in Louisville before proceeding to a job site, thus saving time and allowing him to begin working earlier in the day. Though Rogers' use of the company vehicle was a convenience to him, it was primarily provided for the benefit of the employer.

In this case, the evidence showed that Kern was given the use of the vehicle for the company's benefit and not as a perquisite for himself. Kern stored his tools in the company vehicle and, as in *Receveur*, his use of the company vehicle allowed him to travel directly to a job site instead of stopping at the port itself to get his tools. Testimony showed that when Kern was called to a job site, time was often of the essence if there had been a breakdown that needed repair outside of normal working hours. Therefore, we agree with the conclusion of the Board and the ALJ that *Receveur* is squarely on point and must be followed, and the award was therefore proper.

For the foregoing reasons, the decision of the Workers' Compensation Board is affirmed.

ALL CONCUR.