RENDERED:  JANUARY 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0639-WC

DEE WHITAKER CONCRETE                                    APPELLANT


                    PETITION FOR REVIEW OF A DECISION
v.          OF THE WORKERS' COMPENSATION BOARD
                         ACTION NO. WC-17-66423



AUSTIN ELLISON; HONORABLE
RICHARD E. NEAL,
ADMINISTRATIVE LAW JUDGE;                                APPELLEES
AND WORKERS' COMPENSATION
BOARD


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; DIXON AND JONES, JUDGES.

DIXON, JUDGE:  Dee Whitaker Concrete petitions for review of the Workers'

Compensation Board (Board) opinion entered on April 10, 2020, affirming the

interlocutory opinion and order, as well as the opinion, award, and order entered on

August 7, 2018, and December 9, 2019, respectively, by Administrative Law Judge (ALJ) Richard E. Neal. Following review of the record, briefs, and law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

Austin Ellison worked as a general laborer for Dee Whitaker Concrete. The work crew met each morning at the garage[1] owned by Forrest "Dee" Whitaker, owner of Dee Whitaker Concrete, to discuss assignments, load trucks, and carpool to the jobsite. On the morning of August 4, 2017, Ellison carpooled with Casey Whitaker—Dee's son—in Casey's truck. They completed all the work they could before it began to rain and decided to stop to eat lunch at a restaurant before returning to the garage. Ellison fell asleep soon after they left the jobsite. Unfortunately, they were involved in a motor vehicle accident (MVA) before reaching the restaurant. Ellison, who was not wearing a seatbelt, was ejected from the vehicle through its windshield. He was airlifted to University of Kentucky Chandler Medical Center.

On November 20, 2017, Ellison filed a Form 101, Application for Resolution of a Claim-Injury, alleging work-related injuries from the MVA described above. Dee Whitaker Concrete denied Ellison's claims, asserting the

---

[1] The garage is large and contained the office, work trucks, and concrete tools used by Dee Whitaker Concrete.

injuries were not work-related under KRS[2] 342.650(7), since he was carpooling at the time of the accident. On August 7, 2018, the ALJ issued an interlocutory opinion and order finding the Act[3] applicable to the claim because Ellison sustained injuries in the scope of his employment because he fell within the traveling employee and service to the employer exceptions to the "going and coming" rule. A benefit review conference was held on October 10, 2019, and on December 9, 2019, the ALJ rendered the opinion, award, and order awarding certain temporary total disability benefits, permanent partial disability benefits, and medical benefits to Ellison. No petition for reconsideration was filed. Instead, Dee Whitaker Concrete appealed the ALJ's orders to the Board, which affirmed the ALJ, and this appeal followed.

## STANDARD OF REVIEW

The appropriate standard of review for workers' compensation claims was summarized in *Bowerman v. Black Equipment Company*, 297 S.W.3d 858, 866-67 (Ky. App. 2009).

> Appellate review of any workers' compensation decision is limited to correction of the ALJ when the ALJ has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. *Western Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky.

___

[2] Kentucky Revised Statutes.

[3] KRS Chapter 342, known as the Workers' Compensation Act (Act).

1992). Our standard of review differs in regard to appeals of an ALJ's decision concerning a question of law or a mixed question of law and fact *vis-à-vis* an ALJ's decision regarding a question of fact.

The first instance concerns questions of law or mixed questions of law and fact. As a reviewing court, we are bound neither by an ALJ's decisions on questions of law or an ALJ's interpretation and application of the law to the facts. In either case, our standard of review is *de novo*. *Carroll v. Meredith*, 59 S.W.3d 484, 489 (Ky. App. 2001); *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998). . . .

The second instance concerns questions of fact. [Kentucky Revised Statutes (KRS)] 342.285 designates the ALJ as finder of fact, and has been construed to mean that the factfinder has the sole discretion to determine the quality, character, weight, credibility, and substance of the evidence, and to draw reasonable inferences from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985); [*McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974)]. . . .

KRS 342.285 also establishes a "clearly erroneous" standard of review for appeals concerning factual findings rendered by an ALJ, and is determined based on reasonableness. *Special Fund v. Francis*, 708 S.W.2d 641, 643 (Ky. 1986).

*Id.*

## "GOING AND COMING" RULE

The "going and coming" rule pertaining to coverage under the Act is well-established. It has been defined by Kentucky's highest court, stating:

The general rule is that injuries sustained by workers when they are going to or returning from the place where

-4-

they regularly perform the duties connected with their employment are not deemed to arise out of and in the course of the employment as the hazards ordinarily encountered in such journeys are not incident to the employer's business. *See Kaycee Coal Co. v. Short*, [450 S.W.2d 262 (Ky. 1970)].

*Receveur Const. Co./Realm, Inc. v. Rogers*, 958 S.W.2d 18, 20 (Ky. 1997).

However, this rule—like many others—is not without exceptions, two of which the ALJ found applicable.

Here, the accident occurred after Ellison left the jobsite with the work crew but before they reached the restaurant on the way back to Whitaker's garage. The ALJ found, and the Board affirmed, that Ellison fell within the traveling employee and service to the employer exceptions to the "going and coming" rule. We agree, for the reasons discussed below.

**TRAVELING EMPLOYEE EXCEPTION**

The traveling employee exception to the "going and coming" rule is well-settled. Kentucky's highest court at the time observed the following concerning this exception:

> It is quite a different thing to go to and from a work site away from the regular place of employment, than it is to go to and from one's home to one's usual place of employment; it is the latter which generally comes within the so-called 'going and coming rule' absolving employers from Workmen's Compensation liability. The former comes within the principle stated in Larson, Workmen's Compensation Law, Vol. 1, Sec. 25.00: 'Employees whose work entails travel away from the

employer's premises are held in the majority of jurisdictions to be within the course of their employment continuously during the trip, except when a distinct departure on a personal errand is shown. Thus, injuries arising out of the necessity of sleeping in hotels or eating in restaurants away from home are usually held compensable.' [*Turner Day & Woolworth Handle Co. v. Pennington*, 250 Ky. 433, 63 S.W.2d 490 (Ky. 1933); *Standard Oil Co. v. Witt*, 283 Ky. 327, 141 S.W.2d 271 (Ky. 1940).]

Although traffic perils are ones to which all travelers are exposed, the particular exposure of Tichenor in the case at bar was caused by the requirements of his employment and was implicit in the understanding his employer had with him at the time he was hired. [*Palmer v. Main*, 209 Ky. 226, 272 S.W. 736 (Ky. 1925); *Hinkle v. Allen Codell Co.*, 298 Ky. 102, 182 S.W.2d 20 (Ky. 1944).] In the recent case of [*Corken v. Corken Steel Prod.'s, Inc.*, 385 S.W.2d 949 (Ky. 1964)], where a traveling salesman was killed on a public street by a demented stranger, we approved an award of compensation, and said:

> 'We accept the view that causal connection is sufficient if the exposure results from the employment. * * * Corken's employment was the reason for his presence at what turned out to be a place of danger, and except for his presence there he would not have been killed.'

*Black v. Tichenor*, 396 S.W.2d 794, 796-97 (Ky. 1965).

In its interlocutory order, the ALJ found Ellison's work required travel away from Dee Whitaker Concrete's premises—the garage where employees met each day to carpool to various jobsites. Just as in *Tichenor*, it was implicit in the understanding between Ellison and Dee Whitaker Concrete that travel would be

-6-

required. It was during this work-required travel that Ellison was placed in danger; thus, his injury was work-related and covered by the Act. The ALJ also correctly determined that the intent of the employees to stop at a restaurant on the way back to the garage did not constitute a distinct departure sufficient to defeat the traveling employee exception to the "going and coming" rule.

Dee Whitaker Concrete contends the traveling employee exception does not apply herein because "that status applies only to employees whose work entails travel away from their usual place of employment." However, in *Olsten-Kimberly Quality Care v. Parr*, 965 S.W.2d 155, 157 (Ky. 1998), the court observed:

> Even more appropriate to the case at bar is the idea that "[w]hen travel is a requirement of employment and is implicit in the understanding between the employee and the employer at the time the employment contract was entered into, then injuries which occur going to or coming from a work place will generally be held to be work-related and compensable, except when a distinct departure or deviation on a personal errand is shown." William S. Haynes, Kentucky Jurisprudence, Workers' Compensation, § 10-3 (revised 1990). *Also see* [*Tichenor*, 396 S.W.2d 794, and *Handy v. Kentucky State Highway Dep't*, 335 S.W.2d 560 (Ky. 1960)].

Here, it is undisputed that travel was a requirement of Ellison's employment as the crew daily performed work away from Whitaker's garage. We agree with the ALJ's reliance on and application of *Parr* to the claim herein. We also note that

any failure of the Board to specifically affirm the ALJ on this issue is of no consequence as it affirmed the ALJ's orders *in toto*.

## SERVICE TO THE EMPLOYER EXCEPTION

Kentucky's highest court described the service to the employer exception, simply stating:

> transitory activities of employees are covered if they are providing some service to the employer[.] *See Standard Gravure Corp. v. Grabhorn*, [702 S.W.2d 49 (Ky. App. 1985)]; *Spurgeon v. Blue Diamond Coal Co.*, [469 S.W.2d 550 (Ky. 1971)]; *Ratliff v. Epling*, [401 S.W.2d 43 (Ky. 1966)]; [*Palmer*, 209 Ky. 226, 272 S.W. 736].

*Receveur*, 958 S.W.2d at 20. Although this exception is stated in simple terms, its application is fact dependent, varying case-by-case or claim-by-claim.

In the claim herein, the ALJ also found the service to the employer exception to the "going and coming" rule applicable. The ALJ determined:

> Reading the testimony as a whole, the travel was clearly a service to the Defendant. By traveling together, the Defendant was able to ensure that its employees would get to the jobsite on time and as a group. The timeliness of the employee's arrival was essential because their arrival was coordinated with the arrival of the concrete. Further, the type of work performed, specifically the pouring of concrete, appears to [be] more effectively performed when all workers arrive at the same time—as opposed to filtering in one by one.

(ROA,[4] p. 371). The determination that Ellison's carpooling was of benefit or service to Dee Whitaker Concrete is a finding of fact, not a conclusion of law. *Howard D. Sturgill & Sons v. Fairchild*, 647 S.W.2d 796, 798 (Ky. 1983). "It is well settled that findings of fact will not be disturbed on appeal if they are supported by evidence of probative value. The reviewing court must not substitute its judgment for that of the finder of fact." *Id*. Substantial evidence by way of deposition and hearing testimony supports this finding; accordingly, it will not be disturbed here.

Dee Whitaker Concrete argues the claim herein is factually and legally distinguishable from *Receveur* because that case involved an employee who was operating a company-owned vehicle at the time of the accident. In contrast, Dee Whitaker Concrete points out that it did not own the vehicle in which Ellison was transported at the time of the MVA. Nevertheless, the ALJ correctly assessed that ownership of the vehicle is not the lynchpin of the analysis in *Receveur*. *See Parr*, 965 S.W.2d at 156, in which "the employer did not furnish such to its workers as part of the employment relationship," but the court nonetheless found the service to the employer exception applicable. The key question is whether the activity benefits the employer. Thus, although the use of carpooling to and from jobsites was a convenience for Ellison, the ALJ did not err in its determination that

---

[4] Record on appeal.

it was primarily of benefit to the employer for the reasons stated in its opinion, including those quoted above. *Receveur*, 958 S.W.2d at 21.

Dee Whitaker Concrete contends the case herein is more similar to *Brown v. Owsley*, 564 S.W.2d 843 (Ky. App. 1978). That case was considered by the court in *Receveur,* which described its facts and holding as "co-workers who carpool without the knowledge or acquiescence of the employer are not providing a service to the employer[.]" *Receveur*, 958 S.W.2d at 20. Here, by contrast, the workers carpooled with the full knowledge, acquiescence, and encouragement of their employer. Dee testified that he often provided vehicles and gas to defray the cost of transportation and encouraged the morning meetings and carpooling to ensure the workers arrived on time and together. Returning to the initial meeting point is a natural and necessary consequence of such carpooling. The ALJ did not err in perceiving these key factual differences between *Brown* and the case herein and applying the service to employer exception based on the facts of this case.

Dee Whitaker Concrete further contends the Board erred by "misconstruing controlling precedent[.]" We will address each of the cases discussed by Dee Whitaker Concrete in turn.

In *Fortney v. Airtran Airways, Inc.*, 319 S.W.3d 325, 329 (Ky. 2010), the court held "[t]he fact that an employer uses transportation or transportation expense as an inducement to accept or continue employment is material to

-10-

supporting compensability, particularly when the journey is sizeable and when the employer pays all or substantially all of the expense." Here, the commute to the jobsite was significant, and the expense was largely borne by Dee Whitaker Concrete through its provision of vehicles and/or gas. Therefore, we cannot say that an overview and comparison to *Fortney* by the Board was error.

In *Farris v. Huston Barger Masonry, Inc.*, 780 S.W.2d 611 (Ky. 1989), the employer had knowledge of, supported the practice of, and benefitted from its employees carpooling. In that case, the court held that since the coworkers were running an errand and, thus, providing a service for the employer during the time in question, their injuries were work-related. In the case herein, Dee Whitaker Concrete also had knowledge of, supported the practice of, and benefitted from its employees carpooling. Although the coworkers were not running an errand, they were still providing a service for the employer at the time of the MVA. Therefore, the ALJ and Board did not err in determining that Ellison's injuries were work-related. Again, we cannot say that an overview and comparison to *Farris* by the Board was error.

In *State Highway Commission v. Saylor*, 252 Ky. 743, 68 S.W.2d 26 (Ky. 1933), the court held:

> notwithstanding the fact that the employer was not obliged to furnish the worker transportation and that the pay of the worker started only when he began his work at the actual job site, the practice of the employer to convey

-11-

> its employees to the job site was clearly in the interest of the employer as it enabled the workers to begin work sooner without being hindered by the distances between the job sites and their residences; hence, there was an implied contract that the employer would transport this worker and that such would be considered part of the employment contract.

*Receveur*, 958 S.W.2d at 20. We agree with Dee Whitaker Concrete that the discussion and comparison of *Saylor* to the case herein is essentially irrelevant. However, this superfluous discussion constitutes nothing more than harmless error, if any.

The Board also cites *Parr,* 965 S.W.2d 155, which we find relevant to the analysis of the service to the employer exception in this claim—particularly because the means of conveyance were not supplied by the employer in either case. Therefore, the Board's citation to this case was not erroneous.

In *Louisville & Jefferson County Air Board v. Riddle*, 301 Ky. 100, 103, 190 S.W.2d 1009, 1011 (1945), the court observed:

> There are certain exceptions to the 'going and coming' rule which are pointed out by Mr. Schneider in the above reference, but these have no application here. [*See Voehl v. Indem. Ins. Co. of North Am.*, 288 U.S. 162, 53 S.Ct. 380, 77 L.Ed. 676, 87 A.L.R. 245, and the annotations thereto at 250.]
>
> The facts in each particular case must be examined to determine whether or not the relation of master and servant exists at the place and time of the injury, *Turner, Day & Woolworth Handle Co. v. Pennington*, 250 Ky. 433, 63 S.W.2d 490.

Dee Whitaker Concrete is correct that *Riddle* is factually distinguishable from the case herein because it concerned an injury that occurred on the employer's premises. However, the Board did not err in citing to *Riddle* as a starting point for the initial inquiry of whether an exception is applicable to the "going and coming rule" and for the rule that such depends on the facts of the case. Accordingly, the Board did not err in citing to *Riddle*.

## CONCLUSION

For the foregoing reasons, the Opinion of the Workers' Compensation Board is AFFIRMED.


ALL CONCUR.


| BRIEF FOR APPELLANT: | BRIEF FOR APPELLEE AUSTIN ELLISON: |
|---|---|
| James G. Fogle<br>Louisville, Kentucky | James R. Martin II<br>Lexington, Kentucky |