RENDERED: JULY 2, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1844-WC

COMMONWEALTH OF KENTUCKY (PERSONNEL
CABINET)                                                                          APPELLANT

PETITION FOR REVIEW OF A DECISION
v.                    OF THE WORKERS' COMPENSATION BOARD
ACTION NO. WC-17-01484

AIMEE TIMMONS; HONORABLE JEFF V.
LAYSON, III, ADMINISTRATIVE LAW JUDGE;
AND WORKERS' COMPENSATION BOARD                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, KRAMER, AND K. THOMPSON, JUDGES.

THOMPSON, K., JUDGE: The Commonwealth of Kentucky (Personnel Cabinet)

petitions for review of the Workers' Compensation Board (Board) opinion entered

on November 8, 2019, reversing and remanding the opinion and order entered on

July 25, 2019 by Administrative Law Judge (ALJ) Jeff V. Layson, III. Following

review of the record and the law, we affirm the decision of the Board.

At the time of her injury, Aimee Timmons was employed as a social services clinician by the Commonwealth of Kentucky. As part of her employment, Timmons worked with the state's foster care program where she conducted quarterly visits at foster parents' homes and led various foster parenting training sessions. Timmons typically began her workday at her employer's main office in Mayfield, Kentucky and traveled to in-home visits or off-site training sessions from there. However, she would occasionally travel directly from her home to the in-home visits or off-site training sessions. When Timmons's employment required her to work away from the Mayfield office, she was paid for her travel time and mileage, regardless of whether she began her journey from there or directly from her home. On occasions when Timmons commuted directly from her home to an off-site work location, she was paid from the time she left home until the time she returned home.

On June 17, 2017, Timmons was scheduled to conduct a training session for foster parents at Liberty Baptist Church in Hickory, Kentucky. As she was leaving her home for the church at around 7:15 a.m., Timmons tripped and fell while walking down her front porch steps. She was immediately taken by ambulance to Jackson Purchase Medical Center, where she was diagnosed with a fractured left leg, requiring multiple surgical procedures.

Timmons filed a Form 101, Application for Resolution of a Claim-Injury, alleging a work-related injury from the fall down her front porch steps. The Commonwealth denied Timmons's claim, and on July 25, 2019, the ALJ issued an opinion and order dismissing Timmons's claim for failing to prove her injury occurred within the course and scope of her employment with the Commonwealth. Timmons appealed the ALJ's order to the Board, and on November 8, 2019, the Board reversed and remanded the ALJ's decision, holding that Timmons fit within the "traveling employee" and "benefit to the employer" exceptions to the "going and coming" rule, thus placing Timmons's injury within the course and scope of her employment. This appeal followed.

A claimant in a workers' compensation action must prove each of the essential elements of her cause of action through "substantial evidence." *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735 (Ky.App. 1984). Substantial evidence is evidence of relevant consequence having the fitness to induce conviction in the mind of a reasonable person. *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367 (Ky. 1971).

By virtue of statute, the ALJ is the exclusive fact finder, and the determination of the quality, character, and substance of the evidence is left to the sole discretion of the ALJ. Kentucky Revised Statute (KRS) 342.285(1); *see also Bowerman v. Black Equip. Co.*, 297 S.W.3d 858, 866 (Ky.App. 2009). An

-3-

appellate tribunal is required to give considerable deference to an ALJ's findings of fact and cannot set them aside unless the evidence compels a contrary finding. *Miller v. Go Hire Emp. Dev., Inc.*, 473 S.W.3d 621, 629 (Ky.App. 2015). Reversal of an ALJ's opinion is only warranted where there was no evidence of substantial probative value to support the ALJ's decision. *Id.*

Additionally, our review of a decision of the Board is limited to whether "the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice." *W. Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992). Regarding proper interpretation of the law or its application to the facts, we are not bound by the decisions of an ALJ or the Board. In either case, the standard of review is *de novo*. *Bowerman*, 297 S.W.3d 866.

To be compensable under the Workers' Compensation Act a claimant's injury must arise out of and in the course and scope of her employment. KRS 342.0011(1). Generally, when an employee is injured while commuting from home to work or from work to home, compensation is denied. *Kaycee Coal Co. v. Short*, 450 S.W.2d 262 (Ky. 1970). This rule is known as the "going and coming" rule, and it applies to injuries sustained while the employee is traveling to and from a fixed place of employment. *Husman Snack Foods Co. v. Dillon*, 591 S.W.2d 701 (Ky.App. 1979). However, Kentucky courts have recognized several exceptions to

-4-

this rule, including the "traveling employee" and the "service to the employer"

exceptions. *See Black v. Tichenor*, 396 S.W.2d 794 (Ky. 1965); *Receveur Const.*

*Company/Realm, Inc. v. Rogers*, 958 S.W.2d 18 (Ky. 1997).

The traveling employee exception applies where a worker's

employment *requires* travel away from the employer's premises. *Tichenor*, 396

S.W.2d at 797.

> When travel is a requirement of employment and is
> implicit in the understanding between the employee and
> the employer at the time the employment contract was
> entered into, then injuries which occur going to or
> coming from a work place will generally be held to be
> work-related and compensable, except when a distinct
> departure or deviation on a personal errand is shown.

*Olsten-Kimberly Quality Care v. Parr*, 965 S.W.2d 155, 157 (Ky. 1998).

Here, it is undisputed that travel was a requirement of Timmons's

employment. At the time of her injury, much of Timmons's job requirements

consisted of conducting quarterly visits at foster parents' homes and leading

training sessions at various off-site locations. In fact, the training session that

Timmons was scheduled to lead on the morning of her injury was the third such

event in a three-week span. The evidence of record indicated that Timmons was

paid for similar previous such travel from the time she left her home until the time

at which she returned home.

The ALJ found that "Timmons was leaving her home at about 7:15 a.m. in order to drive straight to the church when she tripped and fell while walking down the front porch steps of her house." Ultimately, however, the ALJ concluded that Timmons did not fit within the traveling employee exception to the going and coming rule of non-compensability.

Although the ALJ noted the applicable exceptions, he erred in his application of the law to the facts herein. The ALJ based his finding that Timmons's injury did not occur within the course and scope of her employment with the Commonwealth on the fact that she was injured during an activity that she would have done regardless of whether she was traveling to her employer's physical premises or to an off-site location, *i.e.*, walking down the steps of the front porch of her home.

The evidence of record indicated that Timmons was traveling to Liberty Baptist Church, not to her fixed jobsite in Mayfield, to conduct a training session as part of her employment with the Commonwealth when she tripped down her front porch steps. At a hearing on May 29, 2019, Timmons testified to the events of the morning of her injury:

> Counsel: All right. If you would, just tell us what happened to you on Saturday, June 17.
>
> Timmons: I had – I was carrying a three-ring binder and my purse. I'd closed the door to the house and my car

was maybe 30, 35 steps away from my front door. I was going down the porch steps and fell.

Counsel: When had you gotten up that morning?

Timmons: Probably around 6:00 a.m.

Counsel: And you were leaving the house at what time?

Timmons: Around 7:15.

Counsel: If it were not for this work that you had to do that day, would you have been out at 7:15 on a Saturday morning?

Timmons: Not – not typically. I mean, there may have been some other time for some reason I could have but standardly, no. On Saturday, I'm not going to get up at 7:15 and be outside for any reason.

Counsel: All right. You mentioned that you had a three-ring binder?

Timmons: It was about a three inch –

Counsel: Three-inch binder?

Timmons: It was a three-ring, three-inch binder.

Counsel: All right.

Timmons: It was big.

Counsel: And what was in the binder?

Timmons: The training manual.

As articulated by the Board in its opinion, "[b]ut for the Commonwealth requiring [Timmons] to conduct the training session as a function of her employment, she

would not have been walking down her steps and to her car, thick work binder in hand, in the early morning hours of Saturday, June 17, 2017." Thus, we agree with the Board that the ALJ erroneously concluded that Timmons did not fit within the traveling employee exception to the going and coming rule.

Turning to the "service to the employer" exception, the ALJ correctly opined that, under the traditional view of the going and coming rule, Timmons would not have been covered by the Act if she had been injured while traveling to her employer's premises in Mayfield. "[An] employee is not performing any service for the employer merely by traveling to and from a fixed work site." *Spurgeon v. Blue Diamond Coal Co.*, 469 S.W.2d 550, 553 (Ky. 1971). However, the ALJ erred in finding that the circumstances surrounding Timmons's injury did not fit within the service to the employer exception to the going and coming rule.

Under the service to the employer exception, "transitory activities of employees are covered if they are providing some service to the employer[.]" *Receveur*, 958 S.W.2d at 20. As noted by the Kentucky Supreme Court, in the context of this particular exception, "work-related travel has come to mean travel which is for the convenience of the employer as opposed to travel for the convenience of the employee." *Id*. For example, in *Receveur*, an employee was killed while driving a company vehicle home from a remote job site. *Id*. There, the Court held that the employee's injury was covered because, although the

employee's use of the company vehicle was a convenience to him, it was primarily provided for the benefit of the employer, explaining:

> The employer's purpose in providing such a vehicle to Rogers was to allow him to better perform the requirements and completion of his duties. Included within such objective was the premise that use of the company truck as transportation between Rogers' home and the job site would allow Rogers to begin his actual duties earlier, and to remain productive longer, by avoiding a stop at the company's business office in Louisville. Thus, although the use of such a conveyance was a convenience for Rogers, it was primarily of benefit to the employer. Hence, as it can be concluded that Rogers was performing a service to the employer at the time of his death, it can be determined that his death was work-related under the service to the employer exception to the going and coming rule.

*Id*. at 21.

Although Timmons was not provided a company vehicle like the employee in *Receuver*, her claim is quite similar as it relates to the service to the employer exception. The evidence of record indicates that the Commonwealth allowed Timmons to travel straight from her home to off-site locations as part of her employment. While the Commonwealth's allowing Timmons to commute straight from her home to the off-site training sessions may have presented a logistical benefit to her, there was substantial evidence to support a conclusion that it was a benefit to her employer. Timmons testified that when she would visit with foster parents in their homes or conduct off-site trainings, such as the one on the

date of her injury in this case, she was paid from the time she left her home until the time that she returned home. Further, Timmons testified that she was reimbursed for the mileage traveled to off-site locations for work:

> Counsel: Now when you were working away from the Mayfield office, whether it was a home visit or instruction that you were giving to foster parents, were you paid for all of that time?
>
> Timmons: Yes.
>
> Counsel: Including the time that it took to travel to those locations?
>
> Timmons: Yes.
>
> Counsel: Were you also paid mileage for the miles that you traveled in your car?
>
> Timmons: Yes.
>
> Counsel: To go to and from those locations?
>
> Timmons: Yes.

By allowing Timmons to travel straight to the off-site locations from her home, the Commonwealth presumably gained the benefit of being able to pay Timmons less for the time and mileage that she otherwise would have spent commuting to the Mayfield office before traveling to the off-site locations. Accordingly, we hold that the Board correctly found that Timmons's injury falls squarely within the "traveling employee" and "service to the employer" exceptions to the going and coming rule.

-10-

The Commonwealth also devotes a portion of its brief to arguing that the Board impermissibly usurped the authority of the ALJ. The Board, as an appellate tribunal, "may not usurp the ALJ's role as fact-finder by superimposing its own appraisals as to weight and credibility or by noting other conclusions or reasonable inferences that otherwise could have been drawn from the evidence." *Miller*, 473 S.W.3d at 629 (citing *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999)). However, in the present case, the Board did not make impermissible factual findings, nor did the Board substitute its determination of the facts for those of the ALJ. Rather, the Board merely found that the ALJ erroneously applied the law to the facts before him. Specifically, the Board determined that the ALJ erred in finding that Timmons's injury did not fit within the traveling employee and service to the employer exceptions to the going and coming rule. Therefore, the Board did not impermissibly usurp the fact-finding role of the ALJ.

For the foregoing reasons, we AFFIRM the opinion and order of the Workers' Compensation Board.

COMBS, JUDGE, CONCURS.

KRAMER, JUDGE, DISSENTS AND DOES NOT FILE SEPARATE OPINION.

-11-

BRIEF FOR APPELLANT:

Robert F. Ferreri
Aaron M. Schechter
Louisville, Kentucky

BRIEF FOR APPELLEE AIMEE TIMMONS:

Rodger W. Lofton
Paducah, Kentucky