RENDERED: AUGUST 25, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1100-MR

MARCELLA CORNETT                                   APPELLANT

v.                  APPEAL FROM PERRY CIRCUIT COURT
HONORABLE ALISON C. WELLS, JUDGE
ACTION NO. 20-CI-00282

TERRI CORNETT, AS
ADMINISTRATRIX OF THE ESTATE
OF JEFFERY CORNETT                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND KAREM, JUDGES.

DIXON, JUDGE: Marcella Cornett appeals the order granting summary judgment to Terri Cornett, as Administratrix of the Estate of Jeffery Cornett, entered by the Perry Circuit Court on August 23, 2022. Following a careful review of the record, briefs, and law, we affirm.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

Marcella Cornett and her son Jeffery Cornett, now deceased, were neighbors, and both were employed by the Perry County Fiscal Court to work at the Perry County Senior Citizens Center (the Center). Jeffery drove a van[1] daily to and from the Center, providing transportation for his mother and others. On December 18, 2018, Jeffery picked up Marcella, and on their way to pick up another passenger, Jeffery had a coughing attack, lost consciousness, and the van careened off an embankment. Both Jeffery and Marcella were injured in the accident and paid workers' compensation benefits; neither returned to work.

Marcella sued her employer, the van's owner, and her son's estate. An agreed order was eventually entered dismissing Marcella's complaint, without prejudice, against all defendants except her son's estate. The estate moved the trial court for summary judgment, asserting Marcella's sole remedies are through workers' compensation. After the matter was fully briefed, the trial court granted summary judgment in favor of the estate. This appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the

---

[1] The van was owned by the Leslie Knott Letcher Perry County Action Council.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists, and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698 (Ky. App. 2000)).

Here, because the trial court granted summary judgment to the estate, we review the facts in a light most favorable to Marcella and resolve all doubts in her favor. Applying the *Steelvest* standard, and based on the record, we agree with the trial court that there was no genuine issue of material fact. Therefore, we conclude that summary judgment was proper.

---

[2] Kentucky Rules of Civil Procedure.

## LEGAL ANALYSIS

On appeal, Marcella argues that summary judgment was improper because she was not in the course of employment at the time of the accident. Marcella was not obligated to ride in the van and occasionally rode to work with her husband instead.[3] She contends that, unlike her son, her workday did not begin until she arrived at the Center each day, and she was not paid for her time spent commuting. She further asserts that although she assisted seniors boarding the van and during the commute, these gestures were not part of her employment but, rather, simply acts of compassion and kindness.

It is well-established that "[t]he general rule is that injuries sustained by workers when they are going to or returning from the place where they regularly perform the duties connected with their employment are not deemed to arise out of and in the course of the employment as the hazards ordinarily encountered in such journeys are not incident to the employer's business." *Receveur Const. Co./Realm, Inc. v. Rogers*, 958 S.W.2d 18, 20 (Ky. 1997). This rule is often labeled the "coming and going rule."

"However, this general rule is subject to several exceptions. For example, transitory activities of employees are covered if they are providing some service to the employer, *i.e.*, service to the employer exception." *Id.* "Thus, work-

---

[3] According to her deposition testimony, Marcella does not drive.

related travel has come to mean travel which is for the convenience of the employer as opposed to travel for the convenience of the employee." *Id. See Farris v. Huston Barger Masonry, Inc.*, 780 S.W.2d 611 (Ky. 1989) (since the employer had knowledge of, supported the practice of, and benefitted from its employees carpooling, and as the co-workers were running an errand and, thus, providing a service for the employer during the time in question, their injuries were work-related); *State Highway Comm'n v. Saylor*, 252 Ky. 743, 68 S.W.2d 26 (1933) (notwithstanding the fact that the employer was not obliged to furnish the worker transportation and that the pay of the worker started only when he began his work at the actual jobsite, the practice of the employer to convey its employees to the jobsite was clearly in the interest of the employer as it enabled the workers to begin work sooner without being hindered by the distances between the jobsites and their residences; hence, there was an implied contract that the employer would transport this worker, and it would be considered part of the employment contract).

Another exception to the coming and going rule is the "employer operating premises/conveyance" exception that "an employer is responsible for work-related injuries that occur on its entire 'operating premises' and not just at the injured worker's worksite. . . . Of particular concern in making that determination is the extent to which the employer could control the risks associated with the area where the injury occurred." *Pierson v. Lexington Public Library*, 987 S.W.2d 316,

318 (Ky. 1999). The trial court found this case fits within that exception, but even if it did not, Marcella's employer decided to provide coverage and pay her workers' compensation benefits.

The interpretation and scope of exceptions to the coming and going rule are questions of law this Court reviews *de novo*. We find it unnecessary under the circumstances, however, to determine if, or which, coming and going rule exceptions apply to the case herein as the outcome remains the same.

It is well-settled that:

> Workers' compensation is a creature of statute, and the remedies and procedures described therein are exclusive. [*Morrison v. Carbide & Carbon Chems. Corp.*, 278 Ky. 746, 129 S.W.2d 547, 549 (1939).] When an employer and employee submit themselves to the provisions of the act, their rights and liabilities are henceforth to be measured by the terms of the act. *Id*. at 550. A right created by statute cannot be defeated by the application of a common law principle. *Eversole v. Eversole*, 169 Ky. 793, 185 S.W. 487, 488 (1916). Thus, any analysis of a workers' compensation issue is necessarily an exercise in statutory interpretation.

*Williams v. Eastern Coal Corp.*, 952 S.W.2d 696, 698 (Ky. 1997).

Marcella was paid and accepted workers' compensation benefits; therefore, her remedies lie under the Workers' Compensation Act (the Act).[4] KRS 342.690 provides in pertinent part, "***If an employer secures payment of***

---

[4] Kentucky Revised Statutes (KRS) Chapter 342.

***compensation as required by this chapter***, the liability of such employer under this chapter ***shall be exclusive*** and in place of all other liability of such employer to the employee[.]" (Emphasis added.) It further provides that this exemption from liability extends to employees. *Id.* Since Jeffery was an employee acting within the course and scope of his employment at the time of the accident, as evidenced by his receipt of workers' compensation benefits, the employer's exemption from liability extends to him and, by further extension, to his estate.

Even so, Marcella contends that the Act does not apply because her injury did not arise out of and in the course of *her* employment. This discounts the language of the statute which merely requires the employer to secure payment of compensation to trigger the Act's exclusive remedies. *Id.* It also ignores the fact that she ***accepted*** those benefits. It further disregards the fact that Marcella was sent at least one letter from the Commissioner of Kentucky's Department of Workers' Claims about benefits which were paid to her "as a result of a work-related injury[,]" explaining how she could receive additional benefits. "It seems clear to us that in the event of an accident arising out of and in the course of employment, where the employer and the employee have elected to operate under [the Act], compensation may only be obtained in a proceeding before the Workmen's Compensation Board (except for an intentional injury[).]" *Davis v.*

*Solomon*, 276 S.W.2d 674, 676 (Ky. 1955). Thus, the trial court did not err in dismissing Marcella's claim against Jeffery's estate.

Marcella's final argument concerns KRS 342.650(7) and KRS 342.660. KRS 342.650(7) exempts employees participating "in a voluntary vanpool or carpool program while that person is on the way to or from his or her place of employment" from the coverage and defines "carpool or vanpool" as "any method by which two (2) or more employees are transported from their residences to their places of employment[.]" KRS 342.660 allows an employer with an employee who is exempt under KRS 342.650 to elect coverage, if it so chooses. Due to our resolution of the previous issue(s), we find it unnecessary to determine if these provisions apply to the case herein as the outcome remains the same.

## CONCLUSION

Therefore, and for the foregoing reasons, the order of the Perry Circuit Court is AFFIRMED.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael E. Lovins
Austin, Texas

BRIEF FOR APPELLEE:

Jonathan C. Shaw
Paintsville, Kentucky